No. 239

S., E. L., & B. VAL. TRAC. CO. v. JOHNSON et

Ohio Appeals, 7th Dist., Columbiana Co.

No. 311.    Decided Dec. 3, 1925

923. PLEADINGS—No. need to depend upon sufficiency of allegations as to statutory negligence when one of co-defendants pleads such statutory negligence in the answer and cross petition.

1028. RES IPSA LOQUITUR—1. Presumption of negligence does not arise except out of the fact that there is no other way to account for the accident.

2. This presumption does not arise where injury is the result of the wrongful act of a third person.

FUNK, J.

John Johnston brought the original action in the Columbiana Common Pleas against the Steubenville, East Liverpool and Beaver Valley Traction Co. and the McLain Taxicab Co. for injuries received as the result of a collision between a street car of the company and a taxicab in which he was riding. Concurrent negligence of each was alleged. A verdict for $4100 was returned against the Traction Co. alone.

Error was prosecuted by the Traction Co. and it was claimed that the lower court erred in its charge relative to the statutory duty of the Traction Co. to stop its car before crossing tracks at the intersection at which the accident occurred; that the court erred in failing to instruct the jury that the doctrine of res ipsa loquitur lied against the Taxicab Co.; and

that the damages were excessive. The Taxi-cab Co. contended that the accident was caused by the sole negligence of the Traction Co. The Court of Appeals held:

1. The question arises as to whether or not the allegations of Johnson's petition were sufficient to warrant the charge in regard to the statutory duty.

2. It is not necessary to depend upon and determine the absolute sufficienty of the allegations in the petition to permit the evidence and charge as given on his subject for the reason that such statutory negligence was specifically plead in the answer and cross-petition of the Taxicab Co.

3. As to res ipsa loquitur—"where the occurrence is such as in the ordinary course of events does not happen if due care had been exercised, the fact of the injury itself will be deemed to afford sufficient evidence to support recovery in absence of any explanation by the defendant tending to show that the injury was not due to want of care." In such case negligence is presumed and the burden is on the defendant to show freedom from such negligence.

4. Such presumption does not arise except out of the fact that there is no other way to account for the accident; and this doctrine does not apply where a definite cause is clear on the evidence; or where it shows the injury to be the result of the negligence of a third person or where the injury resulted from some other cause outside of the control of the carrier.

5. Neither the evidence nor the pleadings show a state of facts that bring the Taxicab Co. within the rules applicable to the doctrine of res ipsa loquitur.

6. The verdict is not excessive as claimed and the judgment is affirmed.

Judgment affirmed.

Attorneys—Brooke & Thompson, East Liverpool, and Billingsley & Moore, Lisbon, for Traction Co.; W. A. O'Grady, Wellsville, for Johnson; and Jesse C. Hanely, East Liverpool, for Taxicab Co.